c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GABRIELLE M. PARKER, Petitioner | CIVIL ACTION NO. 1:18-CV-01107 |
| VERSUS | JUDGE DRELL |
| JEFFERSON B. SESSIONS, III, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by counsel on behalf of Petitioner Gabrielle M. Parker ("Parker"). Respondents answered the Petition (Doc. 8) and filed an unopposed motion to dismiss for lack of jurisdiction (Doc. 10). Because Parker has been released from custody, Respondent's Motion to Dismiss (Doc. 10) should be GRANTED, and Parker's Petition (Doc. 1) should be DISMISSED WITH PREJUDICE AS MOOT.

I. Analysis

At the time of filing, Parker – a native and citizen of Liberia – was an immigration detainee in the custody of the Department of Homeland Security U.S. Immigration and Customs Enforcement ("DHS/ICE"). Parker was being detained at the LaSalle Detention Center in Jena, Louisiana. Parker challenged her continued detention pending removal. Parker alleged her continued detention was unconstitutional under Zadvydas v. Davis, 533 U.S. 678 (2001) and that it was

1

unlikely that she would be deported to Liberia in the reasonably foreseeable future. (Doc. 1, pp. 11-16).

In seeking dismissal, Respondents now show, through a declaration by Richard Brooks, Assistant Field Office Director of the ICE facility in Oakdale, Louisiana, that Parker was released from ICE custody on an order of supervision on April 30, 2019. (Doc. 10-2). Parker does not oppose dismissal.

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States. . ." Since Parker has been released from custody, she has received the relief she sought in her Petition.

## II.  Conclusion

Because Parker has received the relief she sought, and has now been released from custody;

IT IS RECOMMENDED that Respondent's Motion to Dismiss (Doc. 10) be GRANTED and Parker's § 2241 Petition be DISMISSED WITH PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __1st__ day of August 2019.

                                                      Joseph H.L. Perez-Montes
                                                     United States Magistrate Judge